# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JAMES HERMAN ANDERSON, | ) |
| | ) |
| Plaintiff, | )  No. 3:11-cv-00417 |
| | )  Judge Trauger |
| v. | ) |
| | ) |
| RUTHERFORD COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## O R D E R

The plaintiff, an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983. (Docket No. 1). The plaintiff has submitted an application to proceed *in forma pauperis*. (Docket No. 2).

On May 20, 2011, the court entered a deficiency order alerting the plaintiff that his application to proceed as a pauper was defective because the plaintiff had not provided a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2). (Docket No. 4). The court directed the plaintiff to do one of the following within thirty (30) days of service of the court's order: (1) either pay the full three hundred fifty dollar ($350.00) filing fee; or (2) submit a certified copy of his inmate trust fund account statement to the court. The court expressly warned the plaintiff that if he did not comply with the court's order within the time frame specified, the court would be required under the law to presume that he is not a pauper, assess the full amount of the filing fee, and dismiss the action for want of prosecution. (Docket No. 4 at pp. 1-2).

The court also informed the plaintiff that he could request an extension of time to comply

with the court's order if he filed a motion for an extension of time within thirty (30) days of the date of entry of the court's order. (*Id*. at p.2).

On June 2 and 3, 2011, copies of the court's order were returned to the court as "Undeliverable" and "Return to Sender. Refused. Unable to Forward." (Docket Nos. 7 and 8).

The plaintiff has not complied with the court's prior order. Neither has he kept the court appraised of his current mailing address. Therefore, this action is **DISMISSED** for failure to comply with the orders of the court, and for want of prosecution. Rule 41(b), Fed. R. Civ. P.; *see Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Because an appeal would **NOT** be taken in good faith, the plaintiff is **NOT** certified to appeal the judgment of the court *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

Entry of this order shall constitute the judgment in this action.

It is so **ORDERED.**

_____
Aleta A. Trauger
United States District Judge